IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ASHLEY DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO. 1:22-cv-02209-SEG |
| | ) | |
| OFFICER LEANDER DELICIEUX, | ) | |
| OFFICER MATTHEW ABAD, | ) | |
| POLICE CHIEF ERIKA SHIELDS, | ) | |
| and the CITY OF ATLANTA | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **DEFENDANT MATTHEW ABAD'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES**

COMES NOW, Defendant Matthew Abad ('Defendant"), and hereby submits, pursuant to Rules 12(b) and 12(c), this Motion For Judgment as a Matter of Law on Plaintiff's Third Amended Complaint ("Complaint"), showing the Court as follows:

## **INTRODUCTION**

This is a civil rights case. Plaintiff alleges that on June 2, 2020, she attended a protest in downtown Atlanta regarding the murder of George Floyd and police brutality. At that protest, the City of Atlanta's ("the City") police deployed tear gas and arrested protesters, including Plaintiff. Plaintiff brings claims pursuant to 42 U.S.C. § 1983 against Officer Delicieux for excessive force, Officers Delicieux and

1

Abad for false and retaliatory arrest, and the City for derivative *Monell*[1] liability. Defendant attached to his Answer to Plaintiff's Third Amended Complaint his and Officer Delicieux's body worn camera footage of the incident underlying Plaintiff's Complaint, which is incorporated by reference into the pleadings pursuant to *Johnson v. City of Atlanta*.[2] Docs. 74-1 and 74-2, respectfully. Defendant now moves to dismiss Plaintiff's false arrest claim against him based on three arguments:

1. Defendant did not arrest Plaintiff, as he was arresting another protester instead;

2. If Defendant did arrest Plaintiff, Defendant is entitled to qualified immunity because he had arguable probable cause; and

3. If Defendant did arrest Plaintiff, Plaintiff fails to plead that the arrest was retaliatory because Plaintiff does not plead sufficient facts from which this Court could conclude such a claim was plausible on its face[3] given the requirements for a retaliatory arrest claim laid out in *Nieves v. Barlett*.[4]

---

[1] *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658 (1978).
[2] 107 F.4th 1292 (11th Cir. 2024). Pursuant to *Johnson*, "when resolving a motion to dismiss or a motion for judgment on the pleadings, a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." 107 F.4th at 1300 (11th Cir. 2024). Here, the body worn camera footage is central to Plaintiff's Complaint and Plaintiff has no basis to challenge its authenticity.
[3] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[4] *Nieves v. Bartlett*, 587 U.S. 391 (2019).

For the foregoing reasons, Plaintiff claims against Defendant should be dismissed pursuant to Rules 12(c) for judgment on the pleadings and 12(b)(6) for failure to state a claim.

## STATEMENT OF FACTS

Plaintiff attended a protest on June 2, 2020, in downtown Atlanta regarding the murder of George Floyd and police brutality. *See* Third Am. Complaint, Doc. 70 ¶24. Due to the unrest, the City declared a state of emergency and imposed a 9PM curfew starting May 30, 2020. *Id.* at ¶21. Plaintiff alleges that at the June 2, 2020 protest, the City's police cordoned off the protest area, making it difficult for her to leave the area before the 9PM curfew took effect. *Id.* at ¶¶32-33. Plaintiff alleges the police had their cordon in place and began deploying tear gas before the 9PM curfew took effect. *Id.* at ¶¶ 31-35, generally. Plaintiff attempted to flee the area by exiting through a construction site while still exposed to tear gas. *Id.* at ¶49. Plaintiff alleges Officer Delicieux followed her into the construction site, pointed a handgun at her, and told her she would not be arrested if she left the construction site. *Id.* at ¶¶ 50-55. Upon exiting the construction site, Plaintiff was allegedly arrested by Officers Delicieux and Abad, all before 9PM. *Id.* at ¶¶58-59. Plaintiff was cited for a curfew violation, the prosecution of which was later dropped. *Id.* at ¶¶64 and 68.

However, the camera footage depicts important differences between the pled and recorded facts. As depicted in Defendant's footage, Defendant mingled with the

police units on scene and the national guard until after 9PM. Doc. 75-1 at 21:20. At 9:07PM, protestors come out of the construction area to Defendant's left, and Defendant is given an order to arrest the protesters. *Id.* Plaintiff is the individual in the red pants, wearing large laboratory googles and a neck bandana. Defendant approaches the group and shouts "get on the ground" at the protestor standing to Plaintiff's left. *Id.* at 21:25. Defendant arrests that protestor. *Id.* Defendant does not interact with Plaintiff at any point in the footage.

As depicted in Officer Delicieux's footage, Officer Delicieux is also mingling with the police units on scene and the national guard units. Doc. 75-2 before 18:50. Once Officer Delicieux's unit is given an order to arrest Plaintiff's protest group, Officer Delicieux approaches the group, goes around the left side, and arrests another protestor behind Plaintiff. All the protestors are then sat on the street curb. *Id.* Officer Delicieux interacts with the Plaintiff for the first time when he leads her to an impromptu booking station a few streets away. *Id.* at 21:00.

This Court has already determined that the curfew order pursuant to which Plaintiff was arrested was facially valid. Doc. 67. The Court has also determined that protestors were free to demonstrate and exercise their First Amendment rights during the approximately 15 hours per day when the curfew was not in effect. *Id.* at p. 18. In light of the facts pled by Plaintiff in her Third Amended Complaint, the facts as depicted in the body worn camera footage, and this Court's prior rulings regarding

4

the curfew order under which Plaintiff was arrested, this Court should dismiss Plaintiff's claim against Defendant Abad for failure to state a claim.

## ARGUMENT AND CITATION OF AUTHORITY

### i. Standard of Review.

When ruling on a Motion filed pursuant to Rule 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314 1321 (11th Cir. 2018). However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* To survive a Rule 12(b)(6) motion to dismiss, a complaint need not provide detailed factual allegations. *Id.* However, dismissal is appropriate "where it is clear [that] the plaintiff can prove no set of facts in support of the claims in the complaint." *Id.* For this reason, the Court may dismiss a complaint pursuant to Rule 12(b)(6) on a dispositive issue of law. *Id.*

Likewise, judgment on the pleadings under Rule 12(c) should be granted where, as here, Plaintiff cannot prove any set of facts that would entitle her to relief. *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002). Like a Rule 12(b)(6) motion, the Court must accept the well-pleaded *facts* in the Third Amended Complaint as true and view any *reasonable* inferences from them in a light favorable to Plaintiff. *See id*.

When challenged by either motion, Plaintiff's Complaint must contain sufficient factual material, accepted as true, such that it states a claim "'that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). The plausibility standard requires allegations specific enough "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, Plaintiff must allege factual content which allows the Court to draw a reasonable inference that Defendant is liable for the misconduct alleged and Plaintiff may not merely plead facts that are consistent with liability. *Iqbal*, 556 U.S. at 678. In deciding whether Plaintiff's Complaint meets the *Twombly/Iqbal* standard, the Court may consider the officers' body worn camera video, which has been attached to Defendant's Answer. *Johnson,* 107 F.4th at 1301 (quoting *Baker* v. City of Madison, Alabama, 67 F.4th 1268, 1277-78 (11th Cir. 2023) ("[W]here [the] video is clear and obviously contradicts the plaintiff's alleged facts, we accept the video's depiction instead of the complaint's account, and [we] view the facts in the light depicted by the video.")).

**ii.  Defendant did not arrest Plaintiff.**

Defendant did not arrest Plaintiff because Defendant was arresting a protestor next to Plaintiff instead. For a court to determine an arrest has occurred within the meaning of the Fourth Amendment, the court must find that the officer, "by means of physical force or show of authority, has in some way restrained the liberty of a

citizen." *United States v. Jordan*, 635 F.3d 1181, 1185 (11th Cir. 2011) (citing *Terry v. Ohio*, 392 U.S. 1, 19 n. 16 (1968). When viewing Defendant's video footage, Defendant approaches Plaintiff's group and directly walks towards the protestor to Plaintiff's left, saying "get on the ground." Doc. 75-1 at 21:25. Another officer to Defendant's left is seen arresting Plaintiff. Defendant did not physically restrain or verbally direct Plaintiff's movements; instead, another officer was directing and arresting Plaintiff. To the extent Plaintiff may argue that Defendant's involvement in the general arrest order imputes Plaintiff's arrest to him, the undersigned can find no case law supporting such an assertion.

    **iii. If Defendant did arrest Plaintiff, Defendant is entitled to qualified immunity because he had arguable probable cause.**

Qualified immunity shields government employees from suit in their individual capacities for discretionary actions they perform in carrying out their duties. *Johnson*, 107 F.4th at 1301. To determine whether qualified immunity applies, the Court engages in a burden-shifting analysis. *Id.* The first step requires a defendant to show that he was acting within the scope of his discretionary authority when committing the challenged act. *Id.* Once the defendant does that, the burden shifts to the plaintiff, who must show that qualified immunity is not appropriate. *Id.* To show that qualified immunity is not appropriate, the plaintiff must establish two things: (1) the defendant violated a constitutional right, and (2) that constitutional right was 'clearly established' at the time of the defendant's actions. *Id.* Courts have

7

discretion to decide which of the two prongs of the qualified-immunity analysis to address first. *Id.*

It is well established that an arrest of someone suspected of violating the law is within the discretionary authority of a police officer. *Id.* Therefore, the burden shifts to Plaintiff to prove a constitutional right was violated in contravention of clearly established law. Here, Plaintiff must show that Defendant arrested her without probable cause, in violation of her Fourth Amendment protections against unreasonable seizure. *Garcia v. Casey*, 75 F.4th 1176, 1186 (11th Cir. 2023). An officer need not have probable cause, but only "arguable" probable cause. *Id.* "[T]he correct legal standard to evaluate whether an officer had probable cause to seize a suspect is to 'ask whether a reasonable officer could conclude ... that there was a substantial chance of criminal activity.'" *Id.* An officer lacks arguable probable cause only if "the state of the law on the date of the alleged misconduct makes it obvious that the [officer's] acts violated the plaintiff's rights in the specific set of circumstances at issue." *Id.*

The touchtone of qualified immunity is that officers must be "on notice their conduct is unlawful" before being held personally liable for a constitutional violation. *Id.* (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). A plaintiff must satisfy this "notice" requirement by showing that, at the time of the arrest, the law

clearly established that the officer should have known the arrest lacked arguable probable cause.

> A plaintiff may show the right was clearly established in three ways. First, "materially similar" case law may give an officer fair notice that his conduct would violate a constitutional right. Second, the plaintiff can show the existence of a "broader, clearly established principle [that] should control the novel facts [of his] situation." In other words, even "[i]f there is no case law directly on point, general statements of the law contained within the Constitution, statute, or caselaw may sometimes provide 'fair warning' of unlawful conduct." Finally, in rare instances, an official may still have notice when his conduct "so obviously violates" a constitutional right. Absent one of these standards being met, an officer is entitled to qualified immunity. *Garcia*, 75 F.4th at 1185.

The "doctrine of 'arguable probable cause' is a useful shorthand to collapse these three inquiries into a single question in a wrongful arrest case." *Id.* at 1187. The existing law must have placed the constitutionality of the officer's conduct "beyond debate." *District of Columbia v. Wesby*, 585 U.S. 48, 63 (2018). This demanding standard protects "all but the plainly incompetent or those who knowingly violate the law." *Id.* Probable cause is viewed from the standpoint of an objectively reasonable officer armed with the knowledge available to the defendant. *Id.* at 56-57. Probable cause "is not a high bar." *Id.* at 57.

Here, Defendant's first interaction with Plaintiff's group occurred at 9:07PM, after the 9PM curfew took effect. This Court has determined the curfew order was facially valid and does not require certain exceptions for protestors. Doc. 67 at p. 21. Defendant's probable cause for arresting the protestor next to Plaintiff was because

Plaintiff's group was on a public street after 9PM. To the extent that arrest encompassed Plaintiff, that same arguable probable cause extends to Plaintiff. Accordingly, Defendant has arguable probable cause that, in the circumstances, Plaintiff's group was violating the curfew order and subject to arrest.

> iv. **If Defendant did arrest Plaintiff, Plaintiff fails to plead that the arrest was retaliatory because Plaintiff does not plead sufficient facts from which this Court could conclude such a claim is plausible on its face.**

When there exists probable cause for an arrest, an officer may be liable for a civil rights violation when there is a sufficient showing that a plaintiff was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been arrested. *Nieves*, 587 U.S. at 407. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*

Here, the Court has already found that the curfew order Plaintiff was arrested pursuant to was facially valid. State authorities are permitted to reasonably control the "time, manner, and place" of First Amendment expression. *See Crocker v. Beatty*, 995 F.3d 1232, 1240 (11th Cir. 2021). Defendant contends that, in light of the curfew order, Plaintiff was not engaging in protected First Amendment activity when she was arrested. Assuming, *arguendo*, that Plaintiff was engaging in protected First Amendment activity at the time she was arrested, Plaintiff has failed to plead sufficient facts to plausible support a claim that Defendant Abad has declined to arrest others who were violating the curfew order, but not engaging in First Amendment activity. Absent such a showing, Plaintiff fails to plead a claim for retaliatory arrest, and this Court should dismiss her claim against Defendant Abad.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests this Court grant his Motion for Judgment on the Pleadings.

Respectfully submitted this 2nd day of December, 2024.

                                        CAROTHERS & MITCHELL, LLC

                                        */s/ Thomas M. Mitchell*

                                        _____
                                        Thomas M. Mitchell
                                        Georgia Bar No. 513597
                                        Attorney for Defendant Abad

1809 Buford Highway
Buford, GA  30518
(770) 932-3552
(770) 932-6348 FAX
thomas.mitchell@carmitch.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ASHLEY DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION |
| ) | FILE NO. 1:22-cv-02209-SEG |
| ) | |
| OFFICER LEANDER DELICIEUX, ) | |
| OFFICER MATTHEW ABAD, ) | |
| POLICE CHIEF ERIKA SHIELDS, ) | |
| and the CITY OF ATLANTA ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing **Defendant Matthew Abad's Motion For Judgment as a Matter of Law on Plaintiff's Third Amended Complaint** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.  Counsel of record are:

| | |
|---|---|
| Amith Gupta<br>Amith Gupta, Esq.<br>American Trial Law Litigators, LLC<br>925B Peachtree Street, NE, #2151<br>Atlanta, GA 30309<br>amithrgupta+law@gmail.com | Jacob Stalvey O'Neal<br>R. David Ware<br>Phillip Edward Friduss<br>HALL BOOTH SMITH, P.C.<br>191 Peachtree Street, N.E.<br>Suite 2900<br>Atlanta, GA 30303<br>joneal@hallboothsmith.com<br>dware@hallboothsmith.com<br>pfriduss@hallboothsmith.com |

I further certify pursuant to L.R. 7.1D that the above-titled document complies with L.R. 5.1B and was prepared using a 14-point Times New Roman font.

This 2nd day of December, 2024.

                                                CAROTHERS & MITCHELL, LLC

                                                */s/ Thomas M. Mitchell*
                                                _____
                                                THOMAS M. MITCHELL
                                                Georgia Bar No. 513597
                                                Attorney for Defendant Abad

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
thomas.mitchell@carmitch.com