UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---

ASHLEY DIXON,

    *Plaintiff*

    v.                        CIVIL ACTION
                                1:22-cv-02209-SEG

OFFICER LEANDER DELICIEUX,
OFFICER MATTHEW ABAD,
POLICE CHIEF ERIKA SHIELDS,
and the CITY OF ATLANTA,

    *Defendants*

---

## PLAINTIFF'S RESPONSE TO DEFENDANT ABAD'S MOTION FOR JUDGMENT AS A MATTER OF LAW

COMES NOW Plaintiff Ms. Ashley Dixon and hereby responds to Defendant Abad's motion for judgment as a matter of law pursuant to Rule 12(b) (motion to dismiss for failure to state a claim) and Rule 12(c) (motion for judgment on the pleadings). For the reasons indicated, the motion should be denied.

# I) The Court should decline to consider Defendant's[1] bodyworn camera (BWC) footage.

Defendant has appended bodyworn camera footage to his Answer, and requests that the court consider it in evaluating his motion pursuant to the incorporation-by-reference doctrine as described in Johnson v. City of Atlanta, 107 F.4th 1292 (11th Cir. 2024). That doctrine holds that a document that is central to a Plaintiff's claim and undisputed may be considered on a motions to dismiss a complaint pursuant to Rules 12(b)(6) and 12(c) without converting the motion into a motion for summary judgment.[2]

Nonetheless, while a Court may consider such footage under these circumstances, it is not required to do so. See, e.g., Baker v. City of Madison, 67 F.4th 1268, 1276 (11th Cir. 2023) (using permissive language to hold that "a court may consider evidenced attached to a motion to dismiss wihtout converting the motion into one for summary judgment..."); and Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997) (similarly using permissive language when holding that "the Court may consider" appended documents under the incorporation-by-reference doctrine).

There are good reasons for the Court not to consider Defendant's BWC

---

1  Where this response is directed solely to Defendant Abad's motion, "Defendant" refers solely to Defendant Abad unless indicated otherwise.
2  The opinion rejected any requirement that Plaintiff must refer to the document in their complaint. See Johnson, 107 F. 4th at 1298-1300.

footage at this stage, some of which are discussed infra. In particular, the footage is limited in nature and only shows a brief period of the relevant events. In the absence of full discovery, Plaintiff does not have access to a broader array of potential evidence indicating any potential complicating factors in Defendant's BWC footage (such as whether or not Defendant had any further interaction with Plaintiff or what level of knowledge Defendant may have gained based on events taking place outside of the limited time period included in the footage), as well as conflicting accounts or footage that may call into question its authenticity. Plaintiff therefore requests that the Court decline to consider Defendant's BWC footage in evaluating the merits of his motion.

At the current time, Plaintiff concedes that the body camera footage is central to Plaintiff's claims against Defendant Abad does not challenge the authenticity of the body camera footage; **however, Plaintiff's response should not be viewed by the Court or by the parties as a waiver of any future challenge to the authenticity of the footage upon further investigation at a later stage.**

**II) Defendant's motion is without merit.**

Defendant's motion is a motion to dismiss for failure to state a claim and a motion for judgment on the pleadings. A court must generally not consider matters outside the pleadings, with the exception discussed in Point I. Johnson, 107 F.4th

at 1297. For both 12(b)(6) and 12(c) motions, the Court must accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff; judgment in favor of the moving party is appropriate only when there are no material facts in dispute. Johnson, 107 F.4th at 1297.

**1) Defendant took part in Plaintiff's arrest.**

Defendant admits to giving an order to "get on the ground". Defendant self-servingly indicates that this order was given only to another individual in the group of people whom he arrested, among whom Plaintiff was one. Defendant's argument is contradicted by the body camera footage he has included in his Answer: the order to "get on the ground" was given to the group of demonstrators, and induced compliance in all of them, including Plaintiff, who did as he had ordered. Even were Defendant's argument that he was only speaking to another arrestee correct, this Court must evaluate Defendant's motion in the light most favorable to the plaintiff; hence, where a reasonable fact-finder could determine that Defendant was ordering all individuals to "get on the ground," the Court cannot at this stage accept Defendant's argument that he was not interacting with Plaintiff.

For Fourth Amendment purposes, a seizure can take place without the use of physical force, such as when an officer has made an assertion of authority and there is submission to that assertion of authority. California v. Hodari D., 499 U.S.

621, 626 (1991). Defendant's order to "get on the ground" that was made to the group of individuals being arrested, including Plaintiff, and which induced submission to his authority – including from Plaintiff, who promptly got on the ground – therefore constitutes an arrest for Fourth Amendment purposes.

**2) Plaintiff properly alleges sufficient facts to question whether or not Defendant had arguable probable cause at minimum to arrest her.**

Defendant falls back on the argument that if he was involved in Plaintiff's arrest, that he had arguable probable cause and is therefore entitled to immunity. Defendant cites only arrest for curfew violation as the basis for having arguable probable cause to arrest her, where the body camera footage indicates an arrest at 9:07PM. But where Eleventh Circuit law holds that arguable probable cause must extend to the mental state of the arrestee for specific intent offenses to shield defendant officer from liability, where curfew violation is a specific intent offense, and where Defendant did not have had arguable probable cause as to Plaintiff's mental state, the Court must reject Defendant's argument.

In <u>Jordan v. Mosley</u>, 487 F.3d 1350 (11th Cir 2007), the Eleventh Circuit addressed the issue of whether an arresting officer needs probable cause as to all elements of an offense when making an arrest, including the level of intent. The Court concluded, "...when a police officer arrests a suspect for committing a <u>general intent crime</u>...the officer needs no specific evidence of the suspect's intent."

5

<u>Id</u>. at 1356. The Court noted in that case that the fact that the arrestee plaintiff had committed the underlying criminal act (damaging a backhoe) provided some evidence that the arrestee intended to commit the criminal act (of damaging the backhoe). <u>Id</u>. at 1355. Logically and explicitly, the plain language of <u>Jordan</u> establishes that this holding does not apply to specific intent crimes. Where a specific intent crime requires a desire to commit not just the underlying act but to do so for a specific purpose, <u>see</u>, <u>Aromin v. State Farm Fire Casualty Co</u>., 908 F.2d 812, 814 (11th Cir. 1990), it makes sense that indication of the mere commission of an act that is criminalized is insufficient to establish arguable probable cause for specific intent offenses.

Violation of the Curfew is a specific intent offense, and Defendant's arguable probable cause would therefore need to extend to Plaintiff's state of mind to justify an arrest. As indicated in Sec. 2-181(d) of the Atlanta Municipal code, "Any person <u>willfully and knowingly violating any curfew regulations or any other order of the mayor</u> issued under this section shall be deemed guilty of an offense..." (emphasis added). Notably, the language of "willfully and knowingly" does not apply to the criminal act of staying out past the curfew; rather, it applies to the violation of curfew regulations.

Per the facts stated in the remainder of Plaintiff's complaint, Plaintiff's

alleged violation of the Curfew order was not willful or knowing: Plaintiff made every effort to comply but was prevented from complying due to both the use of tear gas and the numerous cordons of police, within one of which Defendant Abad was standing prior to taking part in the arrest of Plaintiff. Defendant's body-worn camera footage does not indicate what, specifically, Defendant knew about the circumstances at the time of Plaintiff's arrest. If Defendant knew that Plaintiff – like numerous others – had been prevented from complying with the Curfew order, then Defendant would have been aware that Plaintiff was not wilfully and knowingly violating the Curfew order. As such, he would not have even arguable probable cause to arrest Plaintiff. And it is worth noting in passing that even if the Curfew were to be interpreted as a general intent crime, the rule of <u>Jordan</u> does not provide any clear guidance in circumstances where an arresting officer is affirmatively aware of the lack of requisite mental state by an arrestee.

    At this stage of litigation, it is too soon to know precisely what Defendant's level of awareness was as to the numerous demonstrators who were apparently prevented from complying with the Curfew order or their mental state. Hence, viewed in the light most favorable to Plaintiff, Defendant did not have arguable probable cause to arrest Plaintiff where a reasonable fact-finder might conclude that he did not know if Plaintiff was willfully and knowingly violating the Curfew

7

order.

**3) Defendant's arrest was retaliatory**.

Defendant argues that Plaintiff fails to plead that the arrest was retaliatory pursuant to the standards of <u>Nieves v. Bartlett</u>, 587 U.S. 391 (2019). Defendant appears to be confusing the standard for selective prosecution with the standard for retaliatory arrest. As the Court has already dismissed Plaintiff's selective prosecution claim, Defendant's appeal to <u>Nieves</u> is moot.

However, where Plaintiff alleges that she was arrested without probable cause or without arguable probable cause, and she was engaged in First Amendment-protected activity at the time that she was arrested, her claim that her arrest was retaliatory is viable. The Court has already addressed the legal standard and plausibility of Plaintiff's retaliatory arrest claims at length. <u>See</u> ECF Dkt. No. at 31-33.

For the reasons described <u>supra</u> in Point II.2, and in conjunction with the analysis of the Court in the above-mentioned Order, Plaintiff properly pleads an allegation of retaliatory arrest: Plaintiff alleges that she was engaged in protest at the time of the injuries she describes, was prevented from continuing to protest, and was arrested en masse at a protest against police violence, and for the reasons described <u>supra</u> was arrested without arguable probable cause. Hence, Plaintiff has

properly stated a claim for retaliatory arrest.

## CONCLUSION

Defendant's motion for judgment as a matter of law should be denied.

Respectfully submitted this 16th Day of December, 2024.

/s/ Amith Gupta
Amith Gupta, Esq.
GA Bar No. 149222
American Trial Law Litigators, LLC
925B Peachtree St. NE #2151
Atlanta, GA 30309
Tel: (408) 355-5782
E-mail: amithrgupta+law@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT ABAD'S MOTION FOR JUDGMENT AS A MATTER OF LAW to the Clerk of Court and all counsel of record via the ECF system.

This 16th Day of December, 2024.

/s/ Amith Gupta
Amith Gupta, Esq.
GA Bar No. 149222
American Trial Law Litigators, LLC
925B Peachtree St. NE #2151
Atlanta, GA 30309
Tel: (408) 355-5782
E-mail: amithrgupta+law@gmail.com